IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JAMES SAMUEL EATON,<br><br>*Defendant.* | Case No. CR-25-226-JFH |

**BRIEF IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE'S ORDER**

Comes now the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney T. Cameron McEwen, and pursuant to Local Criminal Rule 12.1(J) and 18 U.S.C. § 3145, respectfully requests this Court to review and reverse the order of United States Magistrate Judge D. Edward Snow setting conditions of release as to Defendant (Docs. 19-21), and to enter a detention order under 18 U.S.C. § 3142(e).

**I. PROCEDURAL HISTORY**

The Defendant is named in a two-count Indictment that charges him with one count of Solicitation to Commit a Crime of Violence, in violation of 18 U.S.C. § 373(a); and one count of Interstate Communications with a Threat to Injure the Person of Another, in violation of 18 U.S.C. § 875(c). *See* Doc. 3. The United States filed a Motion for Detention (Doc. 9), and the Defendant requested a detention hearing (Doc. 15), which was held on November 26, 2025, before United States Magistrate Judge D. Edward Snow. *See* Doc. 16. At the conclusion of the detention hearing, Magistrate Judge Snow denied the United States' Motion for Detention and ordered the Defendant released with conditions. *See* Docs. 19-21. The United States orally announced its intent to appeal Magistrate Judge Snow's release order, *see* Doc. 19, and filed a summary notice of appeal the same day. *See* Doc. 22.

1

## II.  APPLICABLE LAW

### A.  Detention Hearings and Orders

"If, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e)(1).  A judicial officer can conclude that there is not "any condition or combination of conditions set forth in subsection (c) of this section [that] will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community" if (1) there is a serious risk the Defendant will flee; (2) there is a serious risk the Defendant will obstruct or attempt to obstruct justice; and (3) there is serious risk the Defendant will threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  See 18 U.S.C. § 3142(f)(2)(A) and (B).  The facts the judicial officer uses to support a finding pursuant to Section 3142(e)(1) that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of any other person and the community shall be supported by clear and convincing evidence.  *See* 18 U.S.C. § 3142(f).

### B.  Standard of review

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."  *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003) (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992); *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985)).

## III. ANALYSIS

**A. Evidence Presented at the Detention Hearing[1]**

On or about June 26, 2025, the U.S. Department of Homeland Security Investigation's ("HSI") was internally notified of comments posted on social media by an X (formerly Twitter) account with the username "@james_konkin" regarding the individual's intention to incite death to Immigration and Customs Enforcement ("ICE") officers, Department of Homeland Security ("DHS") officers, and law enforcement officials. Based and its investigation and research, law enforcement identified the user of the X account "@james_konkin" as the Defendant, James Samuel EATON, of Muskogee, Oklahoma. Some of the initial threats observed were the following:

   a. On June 8, 2025, EATON posted, "told some DHS pig to die and got my account locked for 12 hours (so much for free speech. elon) … so anyway kill ICE/DHS"

   b. On June 3, 2025, EATON posted, "ICE officers 'doing their job' should get shot in the head … attacking law enforcement is good and heroic … people should threaten and assault ICE officers more"

   c. On April 15, 2025, EATON posted, "the only good ICE agent is a dead ICE agent"

*See* Exhibit 1.

After receiving this information, HSI conducted a non-custodial interview with EATON at his residence. During this interview, EATON recognized and admitted to being the owner and operator of the X account with the username "@james_konkin". EATON also admitted to law enforcement, with his father present, that he made the threatening posts observed by law enforcement. EATON did not apologize for, nor did he seem remorseful for, making the threatening posts. EATON and his father stated there were no firearms in the residence. Law

---

[1] The United States also refers the Court to the testimony of HSI Special Agent Rebecca Gionta at the November 26, 2025 detention hearing.

enforcement asked EATON's father, in front of EATON, if he monitored his son's X account. EATON's father stated that it is his son's account and he does what he wants with it.

Law enforcement obtained a search warrant for EATON's X account with username "@james_konkin". The results of the search warrant yielded a number of additional threatening messages, which were located in the "deleted tweets" section:

    a.    On July 18, 2025, EATON posted, "amnesty plan where all illegal immigrants get to stay, and if you kill an ICE agent (legal under my plan) i buy you a beer"

    b.    On July 11, 2025, EATON posted, "@PsyopDsrspctr correct. immigration restrictions are tyrannical. ICE/border patrol and police are tyrants. anyone that tries to arrest and deport an "illegal" immigrant should be shot"

    c.    On July 11, 2025, EATON posted, "follow me for thinly-veiled threats toward law enforcement"

    d.    On July 9, 2025, EATON posted, "@frmda614 deadass i made this months ago (except it originally said "dead ICE agents") and was just waiting on an opportunity to use it lol"

    e.    On July 8, 2025, EATON posted, "death to ICE. free them all. https://t.co/ZDy4LgBZhL"

    f.    On July 3, 2025, EATON posted, "to be clear, every immigrant detention center is a concentration camp. every deportation is kidnapping/human trafficking. every ICE agent is a terrorist.death to ICE. free every ICE hostage. burn the detention centers. abolish borders."

    g.    On June 8, 2025, EATON posted, "death to all who stand in the way of free movement, including people that snitch to the feds https://t.co/QNAn9v58Os"

    h.    On June 8, 2025, EATON posted, "told some DHS pig to die and got my account locked for 12 hours (so much for free speech, elon) so anyway kill ICE/DHS https://t.co/mn8rFGnmcJ"

    i.    On June 7, 2025, EATON posted, "the real invaders are the fascist ICE agents that are kidnapping immigrants, and the citizens are in the street fighting them https://t.co/ovJbZPb0Rf https://t.co/qIvOmiUDvA"

    j.    On April 15, 2025, EATON posted, "the only good ICE agent is a dead ICE agent"

*See* Exhibits 2 and 3.

Information obtained from the search warrant to X also yielded the following threatening messages, which were not part of the "deleted tweets" section and therefore had not been deleted by the user:

    a.    On July 11, 2025, EATON posted, "@electriccowboyy everyone has the right to defend themselves from cops, no matter where they were born"

    b.    On July 11, 2025, EATON posted, "@Bobby_Shmuda_ yes. police are tyrants. shooting them is self defense.and fuck democrats lol, we don't fw them over here either"

    c.    On July 11, 2025, EATON posted, "@RaxRazing nothing you say will make me think cops are okay they can find real jobs and make an income fairly or get shot"

    d.    On July 11, 2025, EATON posted, "@DGililly don't tread on me is shooting cops"

    e.    On June 19, 2025, EATON posted, "a 500% increase in assaults on ICE is terrible. we gotta get those numbers WAY up https://t.co/bhDNM5cXha"

    f.    On June 15, 2025, EATON posted, "sanctuary cities should make it legal to shoot ICE agents on sight https://t.co/gRIAUm6AQE"

    g.    On June 9, 2025, EATON posted, "@JoeGabardina @ProjectRadLib i believe so. ICE is kidnapping people off the street en masse. violently resisting them is self defense"

    h.    On June 4, 2025, EATON posted, "the 2nd amendment is for shooting ICE agents that try to kidnap your neighbors https://t.co/KqnsrciuLf"

    i.    On June 3, 2025, EATON posted, "ICE officers 'doing their job' should get shot in the head attacking law enforcement is good and heroic people should threaten and assault ICE officers more https://t.co/3L3ohq0eom"

    j.    On May 30, 2025, EATON posted, "ICE are the Nazis 100% of ICE officers should be assaulted https://t.co/RlAAZZjXg4"

    k.    On May 20, 2025, EATON posted, "ICE are the Nazis the attacks, both rhetorical, and physical, on ICE officers, will continue until there are no ICE officers left ICE, and all who stand in the way of freedom of movement for all people, will be destroyed https://t.co/lbHhSfi3om."

    l.    On April 15, 2025, EATON posted, "@JackHates1Amend anyone who tries to deport an 'illegal' immigrant should be shot"

*See id*.

There was also a conversation located in a group chat EATON participated in, where an unknown individual provided Officer Daniel J. Pantaleo's date of birth and address to members of the chat. Officer Pantaleo is the officer who killed Eric Garner in New York.

Lastly, there was a conversation between EATON and an unknown individual with X account profile id "597925391" that took place on June 15, 2025. In the conversation between the two individuals, the unknown individual talks about plotting a manifesto that involves killing President Trump and Vice President Vance. To the threats, EATON responds, "… yeah vance". The details of this conversation have been forward onto the Secret Service for investigation.

On November 25, 2025, law enforcement executed a search warrant at the Defendant's residence in Muskogee. During the search, law enforcement found several documents and note cards in the Defendant's bedroom containing anti-law enforcement and anarchist language, such as "anarchy," "ACAB," and "1312." ACAB is an acronym meaning "all cops are bastards." The number "1312" means the same thing ("A" being the first letter of the alphabet, "C" being the third letter of the alphabet, and "B" being the second letter of the alphabet). On the exterior of the Defendant's laptop were stickers referencing individuals by the name of "Max Stirner" and "Samuel Konkin." Max Stirner and Samuel Konkin are known and famous anarchists. Also, a firearm was found in the Defendant's father's closet. The firearm was not locked up. *See* Exhibits 4-16.

B. **Evidence Regarding the § 3142(g) Factors**

"The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning" the following factors. 18 U.S.C. § 3142(g).

### § 3142(g)(1) – Nature and Circumstances of the Offense Charged

The nature and circumstances of Counts One and Two of the Indictment support a finding that the safety of the community, especially federal law enforcement officers, cannot reasonably be assured should the Defendant be released, nor can the Court be reasonably assured that the Defendant will not flee. Though the prosaic four corners of the Indictment may not reveal much, the Defendant's commission of these offenses bespeak his expert ability not only in engaging with technology, but also in using technology to promote his radical and extreme ideas – ideas can easily and readily incite and entice others to do harm to federal law enforcement officers. In this light, the proposals of the magistrate judge and of the United States Probation Office to restrict the Defendant's contact with witnesses and victims, and to monitor the Defendant's use of technology, however noble, are doomed to futility. The Defendant's ability and history to engage in this activity, all while unbeknownst to those family members and friends closely associated with him and while living with his father, whom he now proposes to act as his custodian, cast doubt on the Defendant's prognosis for following this Court's orders. The Defendant's release would create an unacceptable risk of further harm to the community, in particular to federal law enforcement officers, beyond that which the Defendant has already wrought.

Furthermore, the Defendant is facing a significant amount of prison time if convicted, more than he has ever faced in his life. This alone is incentive for him to flee. Also, the Defendant has traveled several times outside of the United States, including trips to Italy, Spain, and multiple trips to Mexico.

### § 3142(g)(2) – Weight of the Evidence

There is substantial evidence that the Defendant committed the offenses of which he is now charged, which also supports a finding that he is both a danger to the community and a risk of

flight. Notably, as discussed above, the Defendant is facing a significant amount of prison time if convicted, which also creates a strong disincentive for him to appear as required.

### § 3142(g)(3) – History and Characteristics of the Defendant

The Defendant's character and past conduct support entry of a detention order. Although the Defendant has no charged criminal history, his continuous and repetitive threats against federal law enforcement officers speak for themselves and demonstrate that he is a radical that is either willing to harm federal law enforcement officers himself or provoke others to do it in his stead. Furthermore, the very recent evidence located in his bedroom and plastered on the outside of his computer is further evidence of his radicalism and true character.

### § 3142(g)(4) – Nature and Seriousness of the Danger Posed if the Defendant is Released

The inherent nature of the threats the Defendant has made against federal law enforcement officers and his provocation of others to incite and entice them to also harm these officers shows just how serious these charges are and how much of a danger the Defendant is to the community, especially federal law enforcement officers. Because of this behavior and his radicalism, the Court cannot risk letting the Defendant out of custody on any conditions of release.

## IV. CONCLUSION

It is the Defendant's conduct, not any documentation of prior criminal history, that has harmed the community and that creates a continuing serious risk to the community that the United States seeks to avert. The Defendant, a technologically gifted promoter of radicalism and extremism, has been able to hide this activity from his loved ones, yet reach countless others to incite and entice them to harm federal law enforcement officers as well as threaten these officers himself. The United States is not optimistic that, if released, the Defendant cease engaging in this behavior, nor that he will appear in court as required.

Wherefore, based on the foregoing, there is no condition or combination of conditions that will reasonably assure the Defendant's appearance as required nor the safety of any other person or the community. Therefore, the United States respectfully requests the Court grant its Motion for Detention and enter an order pursuant to 18 U.S.C. § 3142(e) detaining the Defendant pending trial.

        Respectfully Submitted,

        CHRISTOPHER J. WILSON
        United States Attorney

        */s/ T. Cameron McEwen*
        T. CAMERON MCEWEN
        AL Bar #7161R67M
        Assistant United States Attorney
        Eastern District of Oklahoma
        520 Denison Ave.
        Muskogee, OK 74401
        Office: (918) 684-5100
        Fax: (918) 684-5150
        Email: Cameron.McEwen@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

      Jarred Lucas Jennings, Attorney for the Defendant

                                      */s/ T. Cameron McEwen*
                                      T. CAMERON MCEWEN
                                      Office of the United States Attorney