**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 25-CR-226-JFH** |
| ) | |
| **JAMES SAMUEL EATON,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S MOTION TO DISMISS INDICTMENT

Scott A. Graham
Federal Public Defender

Barbara Woltz
Assistant Federal Public Defender

Office of the Federal Public Defender
Eastern District of Oklahoma
112 North Seventh St.
Muskogee, Oklahoma 74401
Telephone: (918) 687-2430
Counsel for the Defendant

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................... iii-v

The Indictment ..........................................................................................................2

Mr. Eaton's Background ............................................................................................3

The Procedural History of the Case ...........................................................................3

**ARGUMENT AND AUTHORITIES** ........................................................................ 4

    I.    **General principles regarding the requirements for an indictment in a case of this nature** .......................................................... 4

        A.  **An indictment must give sufficient notice of the charged conduct. If reciting the elements of the offense does not provide that notice, an indictment must contain more detailed allegations** .......................... 4

        B.  **In threat and solicitation cases, indictments must furnish details regarding the speech, the context, dates, and targets** ............................................................................... 6

        C.  **In addition to giving a criminal defendant sufficient notice, an indictment must (1) reflect the decision of a grand jury; (2) allow a defendant to assert a double jeopardy defense in future prosecutions; and (3) allow the trial jury to convict a defendant unanimously** ............................ 7

            1.  **An indictment must reflect the decision of a grand jury** ..................................................................... 7

            2.  **An indictment must allow a defendant to assert a double jeopardy defense in future prosecutions** ..................... 8

            3.  **An indictment must be consistent with a defendant's right to be convicted by a unanimous jury** ....................................................... 8

    D.  The indictment must include sufficient context to allow
this Court to determine that the speech is not protected
by the First Amendment as a matter of law ....................................... 9

II.   Counts One and Two are insufficient and should be dismissed ...........12

    A.  Neither Count One nor Count Two gives Mr. Eaton
notice of what communication(s) the government claims
violates §§ 373(a) or 875(c), so he cannot prepare for trial ...............12

    B.  The lack of specificity in both counts violates Mr. Eaton's
right to be indicted by a grand jury, his right to be
protected from double jeopardy, and his right to a
unanimous jury verdict ....................................................................13

    C.  Both counts are insufficient because they fail to allow
this Court to decide as a matter of law whether the
communications are protected First Amendment speech ...............13

    D.  Both counts are insufficient because they fail to identify the
"victims" of the solicitation or the threat .........................................15

    E.  Count One fails to include necessary details required
by § 373(a). ......................................................................................15

III.  Counts One and Two Fail to State Offenses .........................................17

    A.  Count One fails to state an offense because the alleged
predicate charges are not categorically "crimes of
violence" ..........................................................................................17

        1.  Violating § 1114 is not a crime of violence .............................18

        2.  Violating § 115(a)(1) is not a crime of violence .....................19

    B.  Counts One and Two fail to state an offense because they
fail to allege a "particular individual or group of individuals"
against whom the crimes of violence are solicited in Count
One or against whom the threats were made in Count Two ............21

CONCLUSION .................................................................................................. 22

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Borden v. United States*, 593 U.S. 420 (2021) ................................................................ 18

*Brandenburg v. Ohio*, 395 U.S. 444 (1969) ............................................................... 9, 10

*Cramer v. United States*, 325 U.S. 1 (1945) .................................................................. 10

*Mathis v. United States*, 579 U.S. 500 (2016)................................................................ 20

*N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886 (1982)........................................... 11

*New York Times v. Sullivan*, 376 U.S. 254 (1964)............................................................9

*Richardson v. United States*, 526 U.S. 813 (1999)....................................................... 8-9

*Russell v. United States*, 369 U.S. 749 (1962)..........................................................4-8, 13

*Thomas v. Collins*, 323 U.S. 516 (1945) ....................................................................... 11

*United State v. Maryboy*, 138 F.4th 1274 (10th Cir. 2025) ............................................. 18

*United States v. Aguirre*, 710 F. App'x 342 (10th Cir. 2018) ......................................20-21

*United States v. Ahemeid*, No. 20-CR-0502 (BMC),
    2026 WL 318211 (E.D.N.Y. Feb. 6, 2026)................................................................. 20

*United States v. Byrd*, 2025 WL 2466979 (E.D. Okla. Aug. 26, 2025)............................. 15

*United States v. Crawford*, 2022 WL 17069409 (11th Cir. Nov. 17, 2022).................................... 20

*United States v. Devereaux*, 91 F.4th 1361 (10th Cir. 2024).............................................. 20

*United States v. Ford*, 157 F.4th 1229 (10th Cir. 2025)......................................... 17-18, 20

*United States v. Garcia-Limon*, 146 F.4th 885 (10th Cir. 2025) .................................... 8, 13

*United States v. Gomez*, 191 F. App'x 413 (6th Cir. 2006) .........................................19-20

*United States v. Hill*, No. 1:09-CR-199-TWT,
    2010 WL 128314 (N.D. Ga. Jan. 13, 2010) ........................................................... 7, 12

iii

*United States v. Landham*, 251 F.3d 1072 (6th Cir. 2001) .......................................................6, 12, 14

*United States v. Linehan*, 54 F.4th 693 (9th Cir. 2022)......................................................... 17

*United States v. Mayfield*, 2026 WL 590050 (10th Cir. March 3, 2026) ...............................5, 8, 13

*United States v. McNeil*, 228 F. Supp. 3d 809 (N.D. Ohio 2017)................................................ 7, 12

*United States v. Mobley*, 971 F.3d 1187 (10th Cir. 2020) ....................................................................8

*United States v. Newman*, 2023 WL 8520092 (10th Cir. Dec. 8, 2023)........................................ 18

*United States v. O'Dwyer*, 443 F. App'x 18 (5th Cir. 2011) ............................................................. 11

*United States v. Powell*, 767 F.3d 1026 (10th Cir. 2014)....................................................................8

*United States v. Pride*, No. 22-CR-159-JFH,
   2023 WL 3649813 (E.D. Okla. May 25, 2023)...........................................................................7-8

*United States v. Sattar*, 272 F. Supp. 2d 348 (S.D.N.Y. 2003)......................................................7, 12

*United States v. Stevens*, 881 F.3d 1249 (10th Cir. 2018)............................................................. 6, 21

*United States v. Stock*, 728 F.3d 287 (3d Cir. 2013) ...............................................................6, 11, 12

*United States v. Sumner*, 89 F. Supp. 3d 1161 (N.D. Okla. 2015) .............................................7, 13

*United States v. Sweet*, 107 F.4th 944 (10th Cir. 2024).....................................................................4

*United States v. Todd*, 446 F.3d 1062 (10th Cir. 2006) ................................................................. 17

*United States v. Viefhaus*, 168 F.3d 392 (10th Cir. 1999)....................................................... 10, 13-14

*United States v. Wheeler*, 776 F.3d 736 (10th Cir. 2015) ....................................................... 10, 13-14

*United States v. White*, 610 F.3d 956 (7th Cir. 2010) ......................................................6-7, 12, 15-16

*United States v Taylor*, 596 U.S. 845 (2022)................................................................................18, 20

*Virginia v. Black*, 538 U.S. 343 (2003).............................................................................................. 21

*Watts v. United States*, 394 U.S. 705 (1969) ....................................................................9-11, 13-14

*Whitney v. California*, 274 U.S. 357 (1927).........................................................................................9

## Statutes

18 U.S.C. § 115(a)(1) ................................................................................ 2, 17, 19-21
18 U.S.C. § 373(a) ................................................................................................ Passim
18 U.S.C. § 875(b) .......................................................................................................... 8
18 U.S.C. § 875(c) ................................................................................................ Passim
18 U.S.C. § 1111(a) ...................................................................................................... 20
18 U.S.C. § 1114 .............................................................................. 2, 17-18, 19
18 U.S.C. § 1512(b)(3) ....................................................................................... 19-20
18 U.S.C. § 3559(f) ................................................................................................. 17-18

## Constitution

U.S. Const. amend. I (First Amendment) ........................................... 1, 9-11, 13
U.S. Const. amend. V ........................................................................... 1, 4, 8, 9, 13
U.S. Const. amend. VI .............................................................................. 1, 4, 9, 13

## Rules

Fed. R. Cr. P. 12(b)(3)(B)(v) ................................................................... 1, 17
Fed. R. Cr. P. 7(d) ........................................................................................... 18
Fed. R. Cr. P. 12(b)(3)(B)(iii) ...................................................................... 1

## Other Authorities

Tenth Circuit Pattern Criminal Jury Instruction 1.24 ................................... 8-9
U.S.S.G. § 4B1.2(a) ...................................................................................... 20

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>          Plaintiff, )<br><br>v. )<br><br>JAMES SAMUEL EATON, )<br><br>          Defendant. ) | Case No. 25-CR-226-JFH |

## DEFENDANT'S MOTION TO DISMISS INDICTMENT

Defendant James Samuel Eaton moves to dismiss the Indictment under Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (v) and the First, Fifth, and Sixth Amendments of the United States Constitution. The Court should dismiss the Indictment because:

1. It fails to identify what the government alleges that Mr. Eaton did that was illegal, and it does not give Mr. Eaton sufficient notice to prepare for trial;

2. Mr. Eaton could be convicted on a basis that is different from the basis on which the grand jury approved the Indictment;

3. Mr. Eaton would be subject to subsequent prosecutions without the ability to assert a double jeopardy defense;

4. A jury would be free to convict Mr. Eaton in the absence of unanimity about the illegal conduct he committed;

5. It fails to supply sufficient information for the Court to make a threshold determination regarding whether the First Amendment bars this prosecution;

1

6.      Count One fails to state an offense because § 373(a) requires a predicate crime of violence, and neither of the statutes identified in Count One are crimes of violence;

7.      Counts One and Two both fail to state what "particular individual or group of individuals" was the "victim."

## The Indictment

On November 13, 2025, the government filed its Indictment against Mr. Eaton. Dkt. #2. Count One alleges a violation of "Solicitation to Commit a Crime of Violence" pursuant to 18 U.S.C. § 373(a):

> Beginning on or about April 15, 2025, and continuing until on or about July 18, 2025, in the Eastern District of Oklahoma, the defendant, **JAMES SAMUEL EATON,** with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and endeavor to persuade such other person to engage in such conduct, that is the killing of a Federal officer, in violation of 18 U.S.C. § 1114, and influencing, impeding, and retaliating against a Federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(l), which is in violation of Title 18, United States Code, Section 373(a).

Dkt. #2, p. 1.

Count Two alleges a violation of "Interstate Communications with a Threat to Injure the Person of Another" in violation of 18 U.S.C. § 875(c):

> Beginning on or about April 15, 2025, and continuing until on or about July 18, 2025, in the Eastern District of Oklahoma, the defendant, **JAMES SAMUEL EATON,** did knowingly and willfully transmit in interstate commerce a communication which contained a threat to injure the person of another, specifically a threat to murder and assault a Federal law enforcement officer with the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement, in violation of Title 18, United States Code, Section 875(c).

2

Dkt. #2, p. 2.

### Mr. Eaton's Background

This Court previously ordered Mr. Eaton's release pending trial. Opinion and Order, Dkt. #31, December 4, 2025, 2025 WL 3487521 (the "Detention Order"). This Court noted Mr. Eaton's "strong support system, stable employment, little to no substance abuse history, minimal connections to foreign countries, and no criminal history." *Id.*, Dkt. #31, p. 8. Mr. Eaton was a 22 year old college student at the time of the Indictment, and he recently turned 23.

### The Procedural History of the Case

According to discovery, this prosecution arose from "a non-specific social media posting" that, on June 9, 2025, came to the attention of Protective Intelligence of the Immigration and Customs Enforcement, a federal law enforcement agency under the purview of the Department of Homeland Security.

On August 4, 2025, three special agents and three task force officers, all with Homeland Security Investigations, supported by Oklahoma Highway Patrol Troopers in a marked patrol vehicle, conducted a non-custodial interview of Mr. Eaton at his residence in Muskogee, Oklahoma. During the interview with law enforcement, Mr. Eaton asked if he should remove his posts. After receiving an ambiguous answer, he removed posts that he assumed the government did not like.

On November 13, 2025, the government filed its Indictment against Mr. Eaton, charging him with violations of §§ 373(a) and 875(c). At the detention hearing, the government introduced 16 exhibits totaling 67 pages. Dkt. #19; #23-1 - #23-16; #28.

3

Government Exhibit 1 provided images of 5 posts on "X (previously known as Twitter), a social networking and microblogging service" owned and operated by X Corp.[1] Dkt. #23-1. Exhibit 3 was a report from a forensic data vendor, Magnet Forensics, which appears to list over 100 "records." Dkt. #23-3. On November 25, 2025, the government produced discovery containing over 300 pages of documents and 300 photographs. Then, in February, the government produced alleged data from X Corp. which, when converted to a pdf, is over 12,000 pages long.

Motions are due in April, and jury trial is scheduled for June 1, 2026.

## ARGUMENT AND AUTHORITIES

**I.    General principles regarding the requirements for an indictment in a case of this nature.**

> **A.    An indictment must give sufficient notice of the charged conduct. If reciting the elements of the offense does not provide that notice, an indictment must contain more detailed allegations.**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." U.S. Const. amend. VI. The Fifth Amendment's guarantee that "no one can be prosecuted . . . except upon an indictment by a grand jury" and its Due Process Clause also are relevant to the issue of an indictment's sufficiency. *Russell v. United States*, 369 U.S. 749, 761 (1962). Generally, an indictment is sufficient when it quotes the language of the statute "and includes the date, place, and nature of illegal activity." *United States v. Sweet*, 107 F.4th 944, 958 (10th Cir. 2024).

---

[1]    See Application for Search Warrant, 25-MJ-392-DES, Dkt. #1, filed October 27, 2025, p. 5.

However, more specificity is required in cases "where guilt depends so crucially upon such a specific identification of fact …" *Russell,* 369 U.S. at 764. In such a case, an indictment must do more than simply repeat the language of the criminal statute. *Id.* The language of the statute "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense" in addition to the general description of the statute. *Id.* at 765. Stated differently, an indictment is insufficient when guilt depends on the specific identification of a fact, but the indictment fails to identify that fact. *Id.* at 764. *See also United States v. Mayfield*, 2026 WL 590050 at *3 (10th Cir. March 3, 2026) (expressing doubt regarding sufficiency when prosecution did not specify which statements of the defendant constituted perjury).

In *Russell*, defendants in six cases were indicted and convicted of having refused to answer questions from a congressional subcommittee inquiry. *Russell,* 369 U.S. at 751-52. The Supreme Court noted that the indictments alleged that the questions to which answers were refused were "pertinent" to the congressional inquiry; however, the actual questions were not included in the indictments. *Id.* at 752. The Court explained that the insufficiency of the indictments was that "they failed to sufficiently apprise the defendant of what he must be prepared to meet" including the "very core of criminality" under the statute. *Id.* at 764. "Where guilt depends so crucially upon such a specific identification of fact … an indictment must do more than simply repeat the language of the criminal statute." *Id.* The Court held that an indictment under the statute in question "must state the question under congressional committee inquiry as found by the grand jury." *Id.* at 771.

**B.**     **In threat and solicitation cases, indictments must furnish details regarding the speech, the context, dates, and targets.**

Consistent with *Russell*, an indictment that charges the defendant with making a criminal threat must identify that threat. "Although the Government is not required to set forth its entire case in the indictment … it is at least incumbent on the Government to make [] context clear in an indictment charging a violation of a threat statute." *United States v. Stock*, 728 F.3d 287, 301 (3d Cir. 2013) (quotations omitted). *See also United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) (in § 875(c) cases, it is "incumbent" on the government to make the context of the threat clear in the indictment); *United States v. Stevens*, 881 F.3d 1249, 1253 (10th Cir. 2018) (in deciding whether a true threat has been alleged in a § 875(c) case, "the language of the statements and the context in which the statements are made are relevant") (cleaned up).

In solicitation cases, the government is required to provide notice of specific facts. *United States v. White*, 610 F.3d 956 (7th Cir. 2010). In a section § 373(a) prosecution, the *White* court explained that "there must be enough factual particulars so the defendant is aware of the specific conduct at issue." *Id.* at 958-59. The Seventh Circuit ruled that the indictment was sufficient because it contained important details that allowed the defendant to know what he was being accused of doing. The indictment charged Mr. White with having the intent for another person to injure a specific person, described as "Juror A," and soliciting another person to injure Juror A. *Id.* at 959. It identified "corroborating circumstances" of the defendant's intent, such as re-posting the information about Juror A and knowing that the persons solicited were prone to violence. *Id.* "[B]y adding factual

6

allegations and dates," the indictment in *White* made the defendant "aware of the specific

conduct against which he will have to defend himself at trial." *Id.*

A valid indictment charging a violation of § 373(a) or § 875(c) should contain these

details. For example, in *United States v. Sattar*, 272 F. Supp. 2d 348, 374 (S.D.N.Y. 2003), the

indictment was sufficient in part because it specified "overt acts" such as participating "in

drafting and disseminating a fatwah" to kill Jews. Similarly, in *United States v. McNeil*, 228 F.

Supp. 3d 809, 817 (N.D. Ohio 2017), the court approved an indictment in part because it

provided "corroborating circumstances" of the defendant's intent. Specifically, the

indictment alleged that the defendant solicited an audience that contained members the

defendant knew had "previously committed similar acts of violence." *Id. See also United States

v. Hill*, 2010 WL 128314, *8 (N.D. Ga. Jan. 13, 2010) (the defendant had sufficient notice in

part because the § 373 count identified the group of persons solicited (subordinate officers at

the Fulton County Jail) and the persons who were the targeted victims (one or more

inmates).

      **C.**    **In addition to giving a criminal defendant sufficient notice, an indictment must (1) reflect the decision of a grand jury; (2) allow a defendant to assert a double jeopardy defense in future prosecutions; and (3) allow the trial jury to convict a defendant unanimously.**

      **1.**    **An indictment must reflect the decision of a grand jury.**

An indictment fails if it "leaves the Court to guess the factual basis for the indictment

returned by the grand jury." *United States v. Sumner*, 89 F. Supp. 3d 1161, 1166 (N.D. Okla.

2015). *See also Russell*, 369 U.S. at 770 (without an indictment specifying what the defendant is

alleged to have done, "a defendant could then be convicted on the basis of facts not found

by, and perhaps not even presented to, the grand jury which indicted him"); *United States v.*

7

*Pride*, 2023 WL 3649813 at *3 (E.D. Okla. May 25, 2023) (dismissing five-count indictment). An indictment that does not reflect with some specificity what the grand jury found leaves the prosecution "free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial." *Russell*, 369 U.S. at 768. *See also Mayfield*, 2026 WL 590050 at *3 (expressing doubt regarding prosecution strategy not to specify which statements of the defendant constituted perjury).

> **2.** **An indictment must allow a defendant to assert a double jeopardy defense in future prosecutions.**

The Fifth Amendment's Double Jeopardy Clause states that no person shall be prosecuted twice for the same offense. U.S. Const. amend. V. Indictments must be specific enough to enable the defendant to assert a double jeopardy defense. *United States v. Garcia-Limon*, 146 F.4th 885, 894 (10th Cir. 2025). An indictment that "identified all the relevant checks" in bank fraud prosecution was sufficient so that the defendant could mount a future double jeopardy defense. *United States v. Powell*, 767 F.3d 1026, 1031 (10th Cir. 2014). An indictment for extortionate communications, 18 U.S.C. § 875(b), was sufficient when it contained the date, place, and nature of the charged illegal activity so that it allowed the defendant to raise a double jeopardy defense. *United States v. Mobley*, 971 F.3d 1187, 1196 (10th Cir. 2020).

> **3.** **An indictment must be consistent with a defendant's right to be convicted by a unanimous jury.**

A federal jury "cannot convict unless it unanimously finds that the Government has proved each element." *Richardson v. United States*, 526 U.S. 813, 817 (1999). Applying the principles of *Richardson*, the Tenth Circuit has created a pattern instruction addressing the

requirement of unanimity when an indictment describes several acts that are alleged to satisfy an element of a criminal violation. Tenth Circuit Pattern Criminal Jury Instruction 1.24, Unanimity of Theory. That pattern instruction refers to the "listed" acts from the indictment and explains that all twelve jurors "must agree upon which of the listed acts, if any, the defendant committed." *Id.* The unanimity instruction therefore presupposes that the acts upon which the defendant's guilt depends are specified in the indictment.

Both §§ 373(a) and 875(c) require proof of a "communication" as an element of those crimes. Without the communication being stated in the indictment, the Tenth Circuit unanimity instruction cannot assure a unanimous verdict or that the verdict has the same basis as one approved by the grand jury, as required by the Fifth and Sixth Amendments.

> **D.     The indictment must include sufficient context to allow this Court to determine that the speech is not protected by the First Amendment as a matter of law.**

The First Amendment of the United States Constitution protects every person's right to engage in free speech.[2] "[F]reedom of expression upon public questions is secured by the First Amendment." *New York Times v. Sullivan*, 376 U.S. 254, 269 (1964). "[P]ublic discussion is a political duty; and that this should be a fundamental principle of the American government." *Id.* at 270, *quoting Whitney v. California*, 274 U.S. 357, 375-76 (1927) (Brandeis, J., concurring), *overruled on other grounds by Brandenburg v. Ohio*, 395 U.S. 444 (1969).

Under British law at the time of our country's founding, it was a crime to "compass or imagine" the King's death. *See Watts v. United States*, 394 U.S. 705, 709 (1969) (Douglas, J.,

---

[2]     *See, generally,* Defendant's Response to Government Motion in Limine re "Third-Party 'Threat Statements,'" Dkt. #39, (the "First Amendment Response Brief"), which is incorporated herein by reference.

concurring). The Founders recognized that this concept was not "fitting" in the new nation. *Cramer v. United States*, 325 U.S. 1, 21 (1945). "The idea that loyalty will ultimately be given to a government only so long as it deserves loyalty and that opposition to its abuses is not treason has made our government tolerant of opposition based on differences of opinion that in some parts of the world would have kept the hangman busy." *Id.*

In *Brandenburg v. Ohio*, 395 U.S. 444 (1969), the Court held that the First Amendment prohibits criminalizing "advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Id.* at 447. *See also United States v. Wheeler*, 776 F.3d 736, 744-45 (10th Cir. 2015) (same).

In cases alleging a violation of §§ 373(a) and 875(c), an indictment should present the details surrounding the alleged "true threat" so that this Court may evaluate whether, as a matter of law, the charged conduct was a form of protected speech. *Watts,* 394 U.S. at 708. *See also Wheeler*, 776 F.3d at 742 (if there is no question that a defendant's speech is protected by the First Amendment, a district court may dismiss the charge "as a matter of law"); *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999) (same).

In *Watts*, the defendant had been convicted of violating a statute prohibiting a person from threatening the President of the United States because he made statements at a rally that contemplated shooting President Lyndon Johnson. *Watts*, 394 U.S. at 705-06. The United States Supreme Court said that the statute required the government to prove a "true threat," and it found that the "political hyperbole indulged in" by the defendant did not fit

10

within the statutory language. *Id.* at 708. Because the statement could not be interpreted otherwise, the *Watts* Court remanded the case for entry of a judgment of acquittal. *Id.* at 708.

Similarly, a defendant may challenge an indictment on the basis that the statements alleged in the indictment are not true threats and thus fall beyond the scope of § 875(c). *Stock*, 728 F.3d at 293. *See also Landham*, 251 F.3d at 1080 (in the context of § 875(c), if an indictment is legally deficient, the proper result is dismissal); *United States v. O'Dwyer*, 443 F. App'x 18, 20 (5th Cir. 2011) (in a § 875(c) case, finding that the defendant's statement "is not a true threat as a matter of law" and affirming dismissal of indictment).

Context is essential to evaluation of threat cases, and therefore essential points should be included in the indictment. Political speech that is made in a public arena receives greater protection than private speech delivered one-on-one. *See N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908-11 (1982) (noting "close nexus" between First Amendment protected advocacy and freedom of assembly). Speech made to a wide audience is more consistent with abstract advocacy and First Amendment protection. *Thomas v. Collins*, 323 U.S. 516, 540-41 (1945). An indictment should therefore clarify the context in which the allegedly illegal statements were made – whether the communication was private or public and how it was made, including in what medium.

11

## II.     Counts One and Two are insufficient and should be dismissed.

### A.     Neither Count One nor Count Two gives Mr. Eaton notice of what communication(s) the government claims violates §§ 373(a) or 875(c), so he cannot prepare for trial.

Counts One and Two indicate the same three-month time period in which Mr. Eaton allegedly violated §§ 373(a) and 875(c) – April 15, 2025, to July 18, 2025. Counts One and Two do not state what communication(s) allegedly made by Mr. Eaton violated the statutes. When threatening communications are central to the charged statute, more is required of the indictment than a recital of the bare language of the statute. *Stock*, 728 F.3d at 301; *Landham*, 251 F.3d at 1080; *White*, 610 F.3d at 962; *Sattar*, 272 F. Supp. 2d at 374; *McNeil*, 228 F. Supp. 3d at 817; *Hill*, 2010 WL 128314, *8. The Indictment does not specify how Mr. Eaton violated §§ 373(a) and 875(c) either by giving specific dates or by setting out the actual communications that are alleged to constitute crimes.

It also is not obvious what communications are the subject of the Indictment. The discovery includes over 200 pages of documents, plus the electronic data from X Corp. which, when converted to an Adobe Acrobat pdf, is more than 12,000 pages. The government's witness at the detention hearing gave extensive testimony regarding communications and exhibits that appear to describe over 100 posts or "records." See Transcript to November 26, 2025, detention hearing, Dkt. #28; Government detention hearing Exhibits, Dkt. #23-1 - #23-16.

Mr. Eaton has no idea which of these communications is alleged to be a "solicitation" to someone to commit a crime of violence against someone for Count One. Mr. Eaton has no idea which of these communications is allegedly an unprotected "true threat" for

12

purposes of Count Two. Without a specific allegation for both Count One and Count Two, Mr. Eaton's Sixth Amendment right "to be informed of the nature and cause of the accusation" is violated.

**B.    The lack of specificity in both counts violates Mr. Eaton's right to be indicted by a grand jury, his right to be protected from double jeopardy, and his right to a unanimous jury verdict.**

Mr. Eaton is left to guess the factual basis for the indictment returned by the grand jury, which violates Mr. Eaton's Fifth Amendment rights. *Sumner*, 89 F. Supp. 3d at 1166; *Russell,* 369 U.S. at 770. The government could freely argue that every one of Mr. Eaton's communications on X are crimes, regardless of whether they were presented to and considered by the grand jury as the basis for the charge. *Russell,* 369 U.S. at 768; *see also Mayfield*, 2026 WL 590050 at *3 (expressing doubt regarding prosecution strategy not to specify which statements of the defendant constituted perjury). Further, Mr. Eaton's Fifth Amendment right to be able to assert a "double jeopardy" defense would be violated. *Garcia-Limon*, 146 F.4th at 894 (an indictment must be specific enough to enable the defendant to assert a double jeopardy defense). Finally, without a specific communication being included in Count One and Count Two, there will be no way to determine if the jury has reached a unanimous verdict regarding the communication element of §§ 373(a) and 875(c).

**C.    Both counts are insufficient because they fail to allow this Court to decide as a matter of law whether the communications are protected First Amendment speech.**

This Court should make a threshold legal determination whether Mr. Eaton's communications were protected speech as a matter of law. *Watts,* 394 U.S. at 708; *Wheeler*, 776 F.3d at 742 (if there is no question that a defendant's speech is protected by the First

Amendment, a district court may dismiss the charge "as a matter of law"); *Viefhaus*, 168 F.3d at 397 (same). Identification of the specific communication is one detail necessary for the Court to make this determination. However, the Indictment should also indicate the context of when the communications were made, including what medium was used for the communication and to whom the communication was directed. That information is necessary for the Court to evaluate where this prosecution is an impermissible effort to stifle protected speech as a matter of law.

The Sixth Circuit's decision in *Landham* is an example of a prosecution in which two § 875(c) counts were ruled as deficient as a matter of law. *Landham*, 251 F.3d at 1081-83. The two counts of the indictment set out the exact language of the communication that the government claimed were "true threats." *Id.* The Sixth Circuit analyzed the language and concluded that they were not communications which a reasonable person would take as a serious expression of an intention to inflict bodily harm. *Id.* As such, these counts failed as a matter of law to allege a violation of § 875(c), and the district court had erred by denying the defendant's motion to dismiss. *Id.*

This Court should require the government to present the exact text of any communications that are claimed to be a violation of §§ 373(a) and 875(c) so that it may determine, as did the courts in *Watts* and *Landham*, whether the communications, as a matter of law, can possibly be interpreted as solicitations or true threats. Important points of context, such as to whom the communications were directed and what medium was used, should also be specified in the indictment. Because this essential information is lacking, this Court should dismiss the Indictment.

14

**D.**     **Both counts are insufficient because they fail to identify the "victims" of the solicitation or the threat.**

Count One and Count Two insufficiently identify the alleged "victims" of the solicitation (for Count One) or the threat (for Count Two). *See United States v. Byrd*, 2025 WL 2466979 (E.D. Okla. Aug. 26, 2025) (dismissing, as insufficient, indictment that alleged that the defendant had assaulted "Victim," without identifying the victim); *White*, 610 F.3d at 959 (indictment for § 373 was sufficient in part because it specified that target was "Juror A"). Count One alleges that Mr. Eaton solicited "the killing of a Federal officer" or the impeding of "a Federal law enforcement officer." Indictment, Dkt. #2, p. 1. Count Two alleges that Mr. Eaton threatened "to injure the person of another," stating that person was "a Federal law enforcement officer with the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement." Indictment, Dkt. #2, p. 2. According to the Bureau of Justice Statistics, in fiscal year 2020, "the United States employed almost 137,000 full-time federal law enforcement officers …" https://bjs.ojp.gov/document/fleo20st.pdf (last accessed January 30, 2026). The notice given by an allegation that Mr. Eaton threatened or solicited a violent crime against a group of 137,000 people is unhelpful to say the least. Not only does this vague assertion make it impossible for Mr. Eaton to anticipate what evidence will be presented against him at trial, but it fails to protect him against double jeopardy. After a jury trial, Mr. Eaton could face 136,999 more prosecutions, give or take.

**E.**     **Count One fails to include necessary details required by § 373(a).**

In addition to the above arguments that both Count One and Count Two are insufficient, Count One is insufficient for reasons unique to § 373(a).

15

First, Count One does not say who Mr. Eaton solicited to carry out the crimes of violence. Section 373(a) states that the defendant must have solicited "another person" to commit a crime of violence. Count One tracks that language but does not provide any notice of who the other person might be. In *White*, the indictment specified that the defendant had posted his solicitation "on the front page of 'Overthrow.com.'" *White*, 610 F.3d at 958. This disclosed who the people solicited were, because they would necessarily be people who accessed the named website. No such details are present in Count One.

Second, while Count One parrots the language of § 373 and states that there were "corroborating circumstances," it fails to state what those corroborating circumstances were. In *White*, the indictment gave details of the corroborating circumstances: "As one example of his intent, the government points to the re-posting of the information once action was taken by Juror A's employer to remove his picture from public access. As another, the government argues that White knew the persons solicited were prone to violence." *White*, 610 F.3d at 959. In the Detention Order, this Court noted that "corroborating circumstances" is an element of § 373(a). Detention Order, Dkt. #31, pp. 5-6. This Court noted that possible "corroborating circumstances of the defendant's intent include whether the defendant repeatedly solicited the commission of the offense, the defendant's belief as to whether the person solicited had previously committed similar offenses, and whether the defendant acquired the tools or information suited for use by the person solicited." *Id.*, p. 6.

The government should be required to allege what "corroborating circumstances" are present in Mr. Eaton's case. Without a description of the "corroborating circumstances" required by § 373(a), Mr. Eaton does not have notice, and he is prejudiced in his ability to

16

prepare for trial. Further, without more, there is the danger that Count One does not reflect a decision by a grand jury regarding what the "corroborating circumstances" were, does not protect against double jeopardy, and does not allow the jury at the trial of this matter to arrive at a unanimous verdict.

This Court should dismiss Count One as insufficient because it does not provide specific allegations required by § 373(a).

## III.   Counts One and Two fail to state offenses.

On a motion to dismiss an indictment pursuant to Fed. R. Cr. P. 12(b)(3)(B)(v), the question is solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. *United States v. Todd*, 446 F.3d 1062, 1066 (10th Cir. 2006).

### A.   Count One fails to state an offense because the alleged predicate charges are not categorically "crimes of violence."

Count One should be dismissed because it fails to state a predicate crime of violence, a requirement of § 373(a). *See United States v. Linehan*, 56 F.4th 693 (9th Cir. 2022) (section 373(a) requires a solicitation for a crime of violence). Count One states two possible predicate crimes: [1] "the killing of a Federal officer, in violation of 18 U.S.C. § 1114, and [2] influencing, impeding, and retaliating against a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)." Neither § 1114 nor § 115(a)(1) are crimes of violence.

Tenth Circuit precedent requires this Court to use the categorical approach in determining whether a criminal statute is a "crime of violence." *United States v. Ford*, 157 F.4th 1229 (10th Cir. 2025). In *Ford*, the defendant had been imposed a mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 3559(f) because the sentencing court had found that his kidnapping conviction was a "crime of violence." *Id.* at 1231. The Tenth

Circuit discussed the history of Congress' use of the term "crime of violence" in various statutes. *Id.* at 1231-32. The Court then explained that "[u]nder the categorical approach, we do not consider the particular facts of a given case but we instead focus on the elements of the offense of conviction." *Id.* at 1233, *citing United States v Taylor*, 596 U.S. 845, 850 (2022). In making this determination, the only relevant question is whether the federal felony at issue "always requires the government to prove – beyond a reasonable doubt, as an element of its case – the use, attempted use, or threatened use of force." *Ford*, 157 F.4th at 1233, *quoting Taylor*, 596 U.S. at 850. Because the federal kidnapping statute did not require the use of force, the Tenth Circuit found that it was not a "crime of violence" for purposes of § 3559(f). *Ford*, 157 F.4th at 1235. Therefore, the district court had erred in imposing the 25-year minimum, and the Circuit remanded for resentencing. *Id.*

### 1.    Violating § 1114 is not a crime of violence.

Section § 1114 is not a crime of violence because it merely criminalizes the act of killing a federal officer. 18 U.S.C. § 1114. It is clear that "killing" does not require a mental state sufficient to qualify as a crime of violence. *United States v. Newman*, 2023 WL 8520092 *2 (10th Cir. Dec. 8, 2023) ("An offense that mandates only a *mens rea* of recklessness does not qualify as a crime of violence"), *citing Borden v. United States*, 593 U.S. 420, 438 (2021). Involuntary manslaughter involves a killing but is not a crime of violence. *See United State v. Maryboy*, 138 F.4th 1274, 1280 (10th Cir. 2025). Thus, by including § 1114 within Count One, the government has not incorporated a statute that is always a crime of violence. At a minimum, this language is surplusage that the Court should strike pursuant to Federal Rule of Criminal Procedure 7(d).

## 2.     Violating § 115(a)(1) is not a crime of violence.

Section 115(a)(1) is also not a crime of violence. Section 115(a)(1) states:

**(a)(1)** Whoever—

> **(A)** assaults, kidnaps, or murders, or attempts or conspires to kidnap or murder, or threatens to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under section 1114 of this title; or

> **(B)** threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section,

> with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

18 U.S.C. § 115(a)(1).

In *United States v. Gomez*, 191 F. App'x 413, 425 (6th Cir. 2006), the court analyzed a different alleged predicate statute, 18 U.S.C. § 1512(b)(3), in a manner that demonstrates § 115(a)(1) also is not a crime of violence. At the time of the *Gomez* decision, § 1512(b)(3) stated:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct towards another person, with intent to ... hinder, delay, or prevent the communication to a law enforcement officer ... of the United States of information relating to the commission or possible commission of a Federal offense ...

18 U.S.C. § 1512(b)(3), *as quoted in Gomez*, 191 F. App'x at 425. The Sixth Circuit said that § 373(a) required the solicitation of a felony that has an element "the use, attempted use, or threatened use of physical force against … the person of another." *Id., quoting* 18 U.S.C.

19

§ 373(a). It concluded that § 1512(b)(3) did not require the use of physical force, so it was not a predicate in a § 373(a). *Gomez*, 191 F. App'x at 425.

Similarly, § 115(a)(1) does not require the use of force, and the categorical approach therefore requires this Court to conclude that § 115(a)(1) is not a proper predicate for § 373(a). One example is that "kidnapping," which is included in § 115(a)(1), is not a crime of violence. *Ford*, 157 F.4th at 1235. A second example is that § 115(a)(1) includes "murder," but at least one court has ruled that 18 U.S.C. § 1111(a) "is not a categorical crime of violence." *United States v. Ahemeid*, 2026 WL 318211 (E.D.N.Y. Feb. 6, 2026). A third example is that not all "assaults" are crimes of violence. *United States v. Devereaux*, 91 F.4th 1361, 1362-63 (10th Cir. 2024) (because the "least criminalized conduct § 113(a)(6) proscribes is recklessness, a § 113(a)(6) conviction categorically does <u>not</u> have as an element the use, attempted use, or threatened use of physical force against the person of another").

In a few cases, courts have found that § 115(a)(1) is a crime of violence. But those cases were decided before the Supreme Court's *Taylor* decision in 2022.[3] *See Taylor*, 596 U.S. 845. The Tenth Circuit has not ruled that § 115(a)(1) is a crime of violence and has recognized that this issue is one that is open for decision by a district court. *See United States v. Aguirre*, 710 F. App'x 342 (10th Cir. 2018) (noting that question of whether § 115(a)(1) is crime of violence could be addressed in resentencing on remand to district court). On remand in *Aguirre*, the government, citing *Mathis v. United States*, 579 U.S. 500 (2016), conceded that the defendant's § 115(a)(1) conviction was <u>not</u> a crime of violence. *United*

---

[3]   The only exception found by the undersigned is *United States v. Crawford*, 2022 WL 17069409 at *5 (11th Cir. Nov. 17, 2022) (finding that facts of previous conviction in violation of 18 U.S.C. § 115(a) fell "within the elements clause of U.S.S.G. § 4B1.2(a)").

*States v. Aguirre*, Case No. 13-CR-2459 RB, Government Sentencing Memorandum, Dkt. #96, filed May 14, 2018.

> **B.    Counts One and Two fail to state an offense because they fail to allege a "particular individual or group of individuals" against whom the crimes of violence are solicited in Count One or against whom the threats were made in Count Two.**

Section 373(a) requires solicitation of a crime of violence against "the person of another." 18 U.S.C. § 373(a). Section 875(c) similarly requires a "threat to injure the person of another." Courts often describe the identified "person" in indictments for either § 373(a) or § 875(c) as the "victim." Courts have found that the identified victims can be individual people or groups of people.

For reasons discussed above, the language of both Count One and Count Two is insufficient. Those counts refer to the victims as "a Federal officer," or "a Federal law enforcement officer." Count Two adds that the officer was "with the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement." The inadequacy of this language means that Counts One and Two fail to state an offense.

"'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a *particular individual or group of individuals*." *Virginia v. Black*, 538 U.S. 343, 359 (2003) (emphasis added). In *Stevens*, the Tenth Circuit approved the district court's reasoning that, given all other circumstances, a rational jury could find the defendant's statements to be true threats because they were "targeted at specific people, groups of people, and their family members." *Stevens*, 881 F.3d at 1253. A reference to federal law enforcement officers does not meet the requirement that a "true threat" must be an expression of intent to commit an

21

act of unlawful violence "to a particular individual or group of individuals." Counts One and Two fail to state an offense because they fail to identify "a particular individual or group of individuals" as the target of the solicitation or the threats.

## CONCLUSION

For the reasons stated above, Defendant James Samuel Eaton respectfully requests that this Court grant his Motion and dismiss the Indictment.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Scott Graham, Federal Public Defender

By: s/ *Barbara L. Woltz*
  Barbara L. Woltz, Oklahoma Bar # 12535
  Assistant Federal Public Defender
  112 N. 7th St.
  Muskogee, Oklahoma 74401
  Telephone: (918) 687-2430
  E-mail: Barbara_L_Woltz@fd.org
  Counsel for the Defendant

## CERTIFICATE OF SERVICE

I certify that on the 10th day of March, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s): **Terry Cameron McEwen**.

*s/ Barbara L. Woltz*

22